PARIENTE, Judge,
concurring in part and dissenting in part.
I would reverse for a new trial because the trial court abused its discretion when it granted the state’s request to allow jurors to participate in an uncontrolled and undocumented courthouse hallway demonstration as part of the state’s rebuttal case. The binoculars used in this demonstration were not in evidence, and so we have no way of determining on appeal whether the binoculars were substantially similar to the binoculars used by the police officer who conducted the surveillance.
I know of no authority, under either the Florida Rules of Criminal Procedure or established case law, which would allow jurors to become active participants in an experiment requested by the state or by the defense. Allowing juror participation in an uncontrolled and undocumented experiment would establish dangerous precedent. There are established ways in which jurors receive evidence, and this method was not one of those.
In essence, the jurors here became witnesses, forming subjective impressions about what they could see at 200 feet. Defendant was obviously deprived of any opportunity for cross-examination. Rather than bringing in its own witness on rebuttal, who would be subject to cross-examination, the state took an impermissible short cut.
The majority agrees that allowing the experiment constituted error. I respectfully disagree with my colleagues that allowing this demonstration constituted harmless error. Because neither the binoculars used by the jurors were in evidence nor was the demonstration recorded, in my opinion the state is unable to sustain its burden under State v. DiGuilio, 491 So.2d 1129 (Fla.1986), of establishing that this error was harmless beyond a reasonable doubt.
I do not see how we can categorically state that the error was harmless when the state conceded that a central issue in this case was what the police officer could see from 200 feet with the binoculars he used. The credibility of the police officer was thus an important issue in the case. The evidence was not cumulative but offered by the state to rebut testimony of defendant’s expert. Lastly, as pointed out by the majority, the demonstration was performed under substantially dissimilar circumstances.
As to the other points raised, I concur in the majority’s analysis.